IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JENNIFER L. JONES (fka                          No. 3:16-cv-01115-HZ
JENNIFER L. DE GREGORIO),

        Plaintiff,

   v.

NATIONSTAR LLC, an Oregon                       OPINION & ORDER
corporation CORPORATION
SERVICE COMPANY 1127 Broadway
Street NE Suite 310 Salem OR 97301,

        Defendant.

Jennifer L. Jones
134 N.E. 83rd Avenue
Portland, Oregon 97220

     Plaintiff Pro Se

Kristine E. Kruger
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105-3204

     Attorney for Defendant

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Pro se Plaintiff Jennifer Jones brings this action for quiet title, seeking a judgment declaring her to be the owner in fee simple of real property and enjoining Defendant from asserting any claim or interest in the property.  Defendant moves to dismiss.  Plaintiff moves for summary judgment.  I grant the motion to dismiss and deny the summary judgment motion.

BACKGROUND

Plaintiff filed her Complaint in Multnomah County Circuit Court on or about May 17, 2016.  Notice of Removal, Ex. A (Compl. at 3), ECF 1-1.  The caption on the Complaint states that it is a "COMPLAINT (QUIET TITLE)."  Id. at 1.  She raises a claim of "fee simple title to real property," described as "Lot 10, Block 12, TERRACE PARK" ("the Property").  Id.  She alleges that her claim for quiet title should be granted because she has been in sole continuous possession of the Property for more than sixteen years from the original mortgage in 1999, and has paid more than the equivalent of the principal on the original mortgage.  Id. at 1-2.  She asserts that her title interest is superior.  Id.

She further alleges that Defendant has no legitimate interest in the Property because (1) the "House Affordable Refinance Program" or HARP, which she contends gave rise to "the recent foreclosure on the Property" was wrongly and negligently approved for a "party" who made a fraudulent claim of ownership in the HARP application; and (2) "the default judgment" in favor of the State of Oregon as guarantor in the HARP loan program and which gave rise to the foreclosure, was against the "party" who falsely claimed the ownership in the Property and was not against Plaintiff.  Id. at 2.  She further contends that Defendant is not the "real party in interest in an earlier mortgage on the Property as claimed in the foreclosure proceedings" as

2 - OPINION & ORDER

"Deutsche Bank's claim to ownership was dismissed in a prior quiet title action from 2011." Id.

Defendant[1] was served with the summons and Complaint on May 20, 2016. Notice of Removal at 2, ECF 1. It removed the action here on June 20, 2016. Id. Its asserted basis for federal jurisdiction is diversity. Id. at 2.

The record shows that Plaintiff and Joseph De Gregorio, as tenants by the entirety, were borrowers and parties to a 2006 Deed of Trust on real property located at 134 N.E. 83rd Avenue in Portland and described as Lot 10, Block 12, Terrace Park, and which secured a $169,000 loan. Notice of Removal, Ex. B, ECF 1-2.[2] The Deed of Trust was assigned to Plaintiff in July 2013 with the assignment recorded in Multnomah County on November 1, 2013. Def.'s Req. for Jud. Not., Ex. 1, ECF 12.[3]

---

[1] Defendant was sued as "Nationstar LLC, an Oregon corporation." Defendant asserts that its correct name is "Nationstar Mortgage LLC," and that it is a limited liability corporation incorporated under the laws of the State of Delaware. Notice of Removal at 1, 2.

[2] In a separate filing, Defendant asks the Court to take judicial notice of the 2006 Deed of Trust. ECF 7. Because the document was recorded in Multnomah County, it is a public record. The document is not reasonably subject to dispute because it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); Strong v. Countrywide Home Loans, Inc., No. 6:16-CV-00233-MC, 2016 WL 1367622, at *3 (D. Or. Apr. 6, 2016) ("Facts contained in public records are considered appropriate subjects for judicial notice.") (citing Santa Monica Food not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 (9th Cir. 2006)), appeal filed, No. 16-35297 (9th Cir. Apr. 21, 2016). Therefore, I take judicial notice of the 2006 Deed of Trust. Moreover, the Court may take judicial notice of documents that are matters of public record without converting a motion to dismiss into a motion for summary judgment. See, e.g., Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 989 (9th Cir. 2009) (court may consider judicially noticed documents on Rule 12(b)(6) motion); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (district court, when determining whether complaint fails to state a claim, may take "judicial notice of matters of public record outside the pleadings[.]").

[3] For the reasons explained in Footnote 2, I take judicial notice of the assignment document.

In a state court action brought by Nationstar Mortgage, LLC against Joseph DeGregorio, Plaintiff Jennifer Dehard fka Jennifer DeGregorio, and others, the Multnomah County Circuit entered a General Judgment and Money Award by Default on March 30, 2015, which , as to "All Defendants," ordered the foreclosure of the Deed of Trust and required Nationstar to request a writ of execution for sale of the Property.  Pl.'s Mot. for Summ. J., Ex. IV, ECF 10-1.[4]  Shortly thereafter, the state court signed a Writ of Execution, directed to the Multnomah County Sheriff, noting the March 30, 2015 Judgment of foreclosure of the Property which ordered the sale of the Property to satisfy the unpaid debt owed to Nationstar.  Kruger Decl., Ex. 1, ECF 6-1.  The sale by the Sheriff occurred on December 1, 2015.  Kruger Decl., Ex. 2, ECF 6-2.  Nationstar, the judgment creditor, was the highest bidder and received a Certificate of Judicial Sale from the Sheriff after the sale.  Id.

STANDARDS

I.  Motion to Dismiss

    A.  Rule 12(b)(1)[5]

A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient.  See Corrie v. Caterpillar, Inc.,

---

[4]  Some of the documents cited are not the subject of a formal request for judicial notice. However, under Rule 201, the Court may take judicial notice on its own accord, at any stage of the proceeding.  Fed. R. Evid. 201(c)(1), (d).  I take judicial notice of all of the Multnomah County case documents because they are public records and the facts contained therein are not subject to reasonable dispute.

[5]  Because part of Defendant's motion relies on the Rooker-Feldman doctrine, it is properly analyzed under Rule 12(b)(1), not Rule 12(b)(6).  Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir. 2003) ("Under Rooker–Feldman, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court.").

503 F.3d 974, 979-80 (9th Cir. 2007) (court treats motion attacking substance of complaint's jurisdictional allegations as a Rule 12(b)(1) motion); Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996) ("unlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency[.]") (internal quotation marks omitted). Additionally, the court may consider evidence outside the pleadings. Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009); see also Dreier, 106 F.3d at 847 (a challenge to the court's subject matter jurisdiction under Rule 12(b)(1) may rely on affidavits or any other evidence properly before the court).

   B.  Rule 12(b)(6)

   A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. Wilson v. Hewlett–Packard Co., 668 F.3d 1136, 1140 (9th Cir.2012). However, the court need not accept unsupported conclusory allegations as truthful. Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).

II.  Motion for Summary Judgment

   Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and

5 - OPINION & ORDER

admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting former Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." Fed. Trade Comm'n v. Stefanchik, 559 F.3d 924, 927-28 (9th Cir. 2009) (internal quotation marks omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Bias v. Moynihan, 508 F.3d 1212, 1218 (9th Cir. 2007) (citing Celotex, 477 U.S. at 324).

The substantive law governing a claim determines whether a fact is material. Suever v. Connell, 579 F.3d 1047, 1056 (9th Cir. 2009). The court draws inferences from the facts in the light most favorable to the nonmoving party. Earl v. Nielsen Media Research, Inc., 658 F.3d 1108, 1112 (9th Cir. 2011).

If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support his claim than would otherwise be necessary. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## DISCUSSION

I. Motion to Dismiss

Defendant argues that under the Rooker-Feldman doctrine, Plaintiff's quiet title claim is barred. Additionally, Defendant contends that the facts of the Complaint fail to state a claim for quiet title because they do not establish that Plaintiff has a superior interest in the Property.

6 - OPINION & ORDER

A.  <u>Rooker-Feldman</u>

As stated above, under <u>Rooker–Feldman</u>, "a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." <u>Noel</u>, 341 F.3d at 1154 (citing <u>D.C. Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983), <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923)).  "The clearest case for dismissal based on the <u>Rooker–Feldman</u> doctrine occurs when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision[.]'" <u>Henrichs v. Valley View Dev.</u>, 474 F.3d 609, 613 (9th Cir. 2007) (quoting <u>Noel</u>, 341 F.3d at 1164).  The doctrine bars lower federal courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." <u>Reusser v. Wachovia Bank, N.A.</u>, 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks omitted).

An action brought in federal court constitutes such an appeal if "claims raised in the federal court action are 'inextricably intertwined' with [a] state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." <u>Id.</u> (internal quotation marks omitted).  In essence, the <u>Rooker–Feldman</u> doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." <u>Johnson v. De Grandy</u>, 512 U.S. 997, 1005–1006 (1994).

Plaintiff's quiet title claim is barred by <u>Rooker-Feldman</u>.  She first alleges that her title interest is superior because of her continuous possession of the Property since 1999 and her payment of more than the principal on the original loan.  However, before she filed this action,

and as a result of the state court Judgment and subsequent foreclosure and auction, she lost any interest in the Property she may have had. Having no cognizable interest in the Property before she filed this case, this part of her claim can be understood only as an attack on the validity of the state court Judgment which already determined that Defendant was entitled to foreclose on the Property for lack of payment on the loan. Moreover, contrary to her assertion that somehow the Judgment did not apply to her, the Judgment states that Nationstar's security interest was a first priority lien and was superior to the interests of "all Defendants" of which Plaintiff was one. Pl.'s Mot. for Summ. J., Ex. IV, ECF 10-1. The foreclosure portion of the Judgment was expressly entered against "ALL DEFENDANTS." Id.

Plaintiff's other allegations appear to suggest that the state court Judgment of foreclosure is invalid because of a fraudulent HARP application. The relationship between the HARP application and the foreclosure Judgment is a bit unclear from her Complaint and she does not identify the "party" who committed the alleged fraud. She suggests that this alleged fraud caused the foreclosure which was ordered by the state court. Her allegations implicate and undermine the propriety of the state court Judgment by suggesting it was procured by fraud. Given that, the allegation regarding the fraudulent HARP application is nothing more than a de facto attack on the state court Judgment and thus, Rooker-Feldman still applies. Finally, her reference to a prior quiet title action in 2011 is unsupported by any meaningful factual allegations and appears to be yet another collateral challenge to Nationstar's right to the Property which was adjudicated in the state court Judgment of foreclosure.

B. Failure to State a Claim

In Oregon, a quiet title action is an equitable action used to determine adverse claims,

8 - OPINION & ORDER

interests, or estates in real property.  Or. Rev. Stat. § (O.R.S.) 105.605.  A judgment quieting title requires the plaintiff to "prove that they have a substantial interest in, or claim to, the disputed property and that their title is superior to that of defendants."  Coussens v. Stevens, 200 Or. App. 165, 171, 113 P.3d 952, 955 (2005).  Plaintiff's allegations that she has an interest in the property because of her possession, and that her interest is superior, are legal conclusions which are not taken as true for purposes of a motion to dismiss for failure to state a claim.  She fails to set forth any facts establishing that she has any interest in the Property, much less an interest superior to that of Defendant.  At this point, and before she filed this action, the Property had been sold at auction and a Certificate of Judicial Sale delivered to Defendant.  The facts fail to show that Plaintiff has any interest in the Property.  To the extent she contends that the Property should not have been sold, that is a de facto attack on the state court Judgment and as explained above, is barred from being litigated in this Court.

II.  Motion for Summary Judgment

    Given my conclusions regarding the motion to dismiss, I deny the motion for summary judgment as moot.  Alternatively, I deny the motion for summary judgment because Plaintiff fails to establish that she is entitled to judgment as a matter of law.

    In the motion, Plaintiff spends a fair amount of time arguing that Defendant's removal of this case from state court to federal court was improper.  Under 28 U.S.C. § 1447(c), a motion to remand the case back to state court is to be made within thirty days of removal, unless the motion attacks the federal court's subject matter jurisdiction.  Here, Plaintiff suggests that this Court lacks such jurisdiction and thus, I address the argument.

    Defendant based its removal on diversity jurisdiction.  28 U.S.C. § 1332.  Plaintiff admits

that she is a citizen of Oregon.  Pl.'s Mot. for Summ. J. 4.  Although Defendant's initial assertions of citizenship in its Notice of Removal failed to properly address its status as a limited liability company, it later provided the required information to the Court.  ECF 9.  That filing shows that Defendant's owners/members are not citizens of Oregon, but are citizens of other states.  Thus, the citizenship prong of the diversity requirement is met.

As to the amount in controversy, I agree with Defendant that the value of the Property is the appropriate "amount" to analyze for the purposes of establishing diversity jurisdiction.  See Kirstein v. Deutsche Bank Nat'l Trust Co., No. 1:15-CV-02329-CL, 2016 WL 3003208, at *2 (D. Or. Mar. 17, 2016) (noting that "'[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation'" (quoting Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977)); and further explaining that "courts in the Ninth Circuit have consistently interpreted the 'object of the litigation' to be the at-issue property and, therefore, incorporated the property's value into the amount in controversy" (citing cases)), adopted by J. McShane, 2016 WL 2994862 (D. Or. May 24, 2016).  The Deed of Trust secured a $169,000 loan.  In December 2015, the Property sold at auction for $301,682.87.  Kruger Decl., Ex. A, ECF 1-4.  Thus, the amount in controversy is more than $75,000.  Removal was proper.

Any other arguments raised by Plaintiff are unavailing.

CONCLUSION

Defendant's motion to dismiss [5] is granted.  Plaintiff's motion for summary judgment [10] is denied as moot, or alternatively, is denied on the merits.  Defendant's requests for judicial notice [7, 12] are granted.  Although dismissal of the quiet title claim for failure to state a claim

might ordinarily result in leave to amend, because the claim is precluded by the <u>Rooker-Feldman</u>

doctrine, leave to amend would be futile.  Thus, the Complaint is dismissed with prejudice.

    IT IS SO ORDERED.

Dated this _____ day of _____, 2016

_____
Marco A. Hernandez
United States District Judge

11 - OPINION & ORDER